IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL CHARLES STIMEL, (TDCJ-CID #496404) | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-13-2169 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Paul Charles Stimel, has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 1988 conviction in the 24th Judicial District Court of Jackson County, Texas. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction because it is a successive petition filed without the Circuit Court's permission.

On October 31, 1988, Stimel pleaded guilty in the 24th Judicial District Court of Jackson County, Texas to the felony offense of aggravated sexual assault of a child. (Cause No. 88-7-4111). The court sentenced Stimel to fifty years in prison. Stimel did not appeal his conviction.

Stimel has filed a previous federal petition challenging his conviction in Cause Number 88-7-4111, the same sentence under attack in the instant petition. Stimel filed that federal petition on November 3, 2005, in Civil Action Number 6:05-0108. On September 22, 2006, this court dismissed the petition because it was filed too late.

O:\RAO\LHR\2013\13-2169.a01.wpd

On July 23, 2013, this court received Stimel's second federal petition. Stimel claims he is entitled to habeas relief based on ineffective assistance of counsel, prosecutorial misconduct, and abuse of discretion by the trial court and the Texas Court of Criminal Appeals.

A district court may raise on its own the issue of whether a habeas corpus petition is successive. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). The federal court dismissed Stimel's earlier federal petition, Civil Action Number 6:05-108, as time-barred. The dismissal of a § 2255 petition as untimely under AEDPA is a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases in which a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. A case dismissed as time-barred under AEDPA is an adjudication on the merits that makes a second petition challenging the same conviction or sentence successive. *See In re Flowers,* 595 F.3d 204 (5th Cir. 2009).

This court lacks jurisdiction to consider Stimel's petition as it is a "successive" application governed by 28 U.S.C. § 2244(b)(3)(A) (1998), which requires that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court. The statute states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Before Stimel can file a second or successive application in this court, he must file a motion for an order authorizing this court to consider his successive application in the United States Court of Appeals for the Fifth Circuit. There is no indication that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Stimel's successive application. This court lacks jurisdiction to consider Stimel's habeas claims. Stimel's petition for

a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction, and any remaining pending motions are denied as moot.

No Certificate of Appealability will issue. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should not issue unless the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Stimel has not made the necessary showing. A Certificate of Appealability is denied.

SIGNED on July 31, 2013, at Houston, Texas.

                                                Lee H. Rosenthal
                                          United States District Judge